WILLIAM FOWLER, et al., Appellants, *vs.* JOHN ATKINSON, Respondent.

### APPEAL FROM THE DISTRICT COURT OF WASHINGTON COUNTY.

Under the State Constitution the District Court has original jurisdiction in all cases, whatever the amount involved, except over "estates of deceased persons, and persons under guardianship."

Under the act of March 5, 1853, *Stats. of Minn., p* 480, a defendant in any civil action is expressly required to interpose all equities, claims and demands existing in his favor at the time of the commencement of the action, or intervening before a final decision, by way of answer, or supplemental answer, in the nature of a counter claim. If not so interposed in the original action, they cannot be set up, asserted or enforced by another action.

A Justice of the Peace has nothing to do with actions or defences of a purely equitable nature. If a party is sued before a Justice, and has a good defence to the action in equity, he may appeal to the District Court, and interpose his equities by way of answer, as if the action were originally commenced there. The refusal of that Court to allow time to interpose his equities does not confer upon him the right to make them the subject of another action.

This action was brought to restrain the Defendant from collecting a promissory note made by Appellants to Respondent, which was the subject of an action then pending in the District Court of Washington county, wherein the above Respondent was Plaintiff, and the Appellants were Defendants, and which originated in Justice's Court, and involved the sum of $60, on the ground, as claimed by these Plaintiffs, that they, by mistake, had omitted to append the words "Trustees of Waterville School District, No. One, Washington county," to their names upon said note, and asking that the note be corrected by appending those words, and that the action founded upon said note be dismissed.

This cause came before the Court below at the April term for 1861, when a motion for judgment of dismissal, founded upon the complaint, was granted.

The case now comes before this Court on appeal.

Points and Authorities of Appellants.

I.—The Court has jurisdiction, the amount of the note, $139, sought to be reformed, and the mistake corrected, is wholly unpaid by Plaintiffs and Appellant, as they allege in their complaint, and the fact that Respondent alleges in his answer that it (the note) has been paid, except $60, does not deprive the Court of jurisdiction. It is the fact the Court will not inquire into. The pleadings determine, in this instance, the question of jurisdiction. The amount in controversy is $139, and not $60. *Comp. Min. R. S.* 54, *sec.* 5 ; *R. S.* 478, *sec.* 1.

II.—The mistake may be corrected, though made by the party seeking to correct the mistake, and parol evidence is admissible to prove the mistake, though the mistake is denied in the answer, and may be done, though the Appellants seek relief affimatively on the ground of the mistake, as well as though the Appellants had set it up as a defence to suit on the note, which they attempted to do. *Willard's Eq. Jur.*, 59, 54, 72, 73, 79, 74, 75, 76 ; 1 *John. C. R.*, 582 ; *Gillepni and Wife vs. Moon*, 2 *John. C. R.*, 585, 588, *and Buell vs. Stone* ; 1 *Sim. & Stu.*, 210, 219, 220, 74 ; 1 *Vesey*, 317, 456 ; 2 *Vt. R.* 31 ; 3 *Vt.*, 203 ; 2 *P. Wm.*, 465 ; 3 *Vesey Jur.*; 473 ;

5 *Vesey Jur.*, 395 ; 6 *Vesey Jur.*, 328 ; 1 *Day's Cases in Error*, 139 ; *Story Eq. Jur.*, sec. 110 ; 17 *Wend.*, 40 *and* 101 ; *Phil. Ev.*, 1428 ; 15 *John. R.* 1 ; 1 *Minn. R.* 266.

III.—The pleadings show that unless the mistake is corrected, and the note reformed, the Appellants will be subject unjustly to lose the payment of the note, when there is no blame or misconduct on their part ; and the pleadings show that the equity of Appellant is superior to that of Respondent.   The agreement was that the Appellants were not to be personally responsible for the payment of the note, they being public officers, and not being liable as such.   The note was given as evidence of the amount due from the district to Respondent, and if the note is reformed the contract will appear as it was made.   2 *Gill. & John.*; .64 ; *Wil. Eq. Jur.*, 59 ; *Story's Eq. Jur.*, sec. 109 ; 17 *Wend.*, 40 ; *Chitty on Con.*, 8 *Am. Ed.*, 211, *and note* ; *Olney vs. Wicks*, 18 *John. R.*, 123 ; *Adams vs. Whittlesey*, 3 *Conn.*, 560 ; *Ogden vs. Raymond*, 22 *Com.* 8, 384, 385; *Sanborn vs. Noel et al.*, 4 *Minn. R.* 126.

Points and Authorities of Respondent.

I.—The amount in controversy in this action is less than $100 ; to wit, the sum of $60.   The District Court has original jurisdiction in civil cases only where the amount in controversy exceeds one hundred dollars.   See *Art. 6, sec. 5 of Constitution of Minn.* ; 2 *Minn. R.*, 86.

II.—The complaint of Plaintiffs does not contain a statement of facts constituting a cause of action.

1. In that no equities are shown to exist in favor of the Plaintiff's requiring the interposition of the Court.

2. In that it does appear by the complaint that the Plaintiffs have an adequate remedy at law.

3. In that the relief demanded could not be granted, and if granted, would not change the liability of Plaintiffs upon the instrument.

Because the Plaintiffs had no authority in the capacity of Trustees to bind Waterville School District by executing notes ; and

Because the Plaintiffs, by express contract, have substituted

themselves in place of the District, and Courts do not under-
take to make new contracts for parties, or relieve them from
their acts and deeds, fairly done, with a full knowledge of
facts, though under a mistake of law. See 2 *Kent*, 631, 2 *and*
3 ; 2 *Wheat.* 45 ; 5 *East. Rep.*, 148 ; 6 *Mass.*, 58 ; 13 *John.*,
307 ; 7 *Cow.*, 453 ; *Minn. Stats.*, 481.

For which reasons the judgment below should be affirmed.

NEWELL & TOMPKINS, Counsel for Appellants.

L. E. THOMPSON, Counsel for Respondent.

*By the Court*—EMMETT, C. J.—This is an appeal from a
judgment of the District Court, dismissing the action. The
action was commenced to restrain the Defendant from pro-
ceeding in another action pending in the District Court,
wherein he seeks to recover against the present Plaintiffs an
alleged balance of sixty dollars, claimed to be due on a
promissory note given by them. The Plaintiffs also ask to
reform said note by adding to their signature certain words,
which they allege were omitted by mistake, and which would
indicate the official character in which alone they claim to
have signed the note.

The Defendant insists that the amount in controversy is
less than one hundred dollars, and therefore that the District
Court could have no jurisdiction of the action in the first in-
stance. The question here raised is decided in the case of
*Agin vs. Heyward*, argued at the present term, where we held
that under the State Constitution the District Court has orig-
inal jurisdiction in all cases, whatever the amount involved,
except over estates of deceased persons, and persons under
guardianship.

We are of opinion, however, that, under the act of March
5, 1853, (*Comp. Stats.*, 480,) the Plaintiffs should have inter-
posed the equities which they seek here to enforce, as a de-
fence to the original action, brought against them by the
Defendant. The fifth, sixth, and seventh sections of the act
referred to not only enable, but expressly require a Defend-
ant in any civil action to interpose, if at all, all equities,
claims and demands existing in his favor at the commence-
ment of any such action, or intervening before a final decis-

ion, by way of answer, or supplemental answer, in the nature of a counter claim, whether the same, by the former practice, were interposed or enforced by bill, cross bill, cross action, or bill of discovery.

One great object of this act seems to have been to avoid multiplicity of actions, by enabling and compelling parties to litigate all questions pending between them, and pertaining to the same transaction, in one legal controversy. And we accordingly must hold that such equities, claims or demands, as the parties do not thus interpose in the original action, cannot be set up, asserted or enforced by another action. The language of the statute is imperative—" shall be interposed, if at all."

The Plaintiffs, however, allege, as one of the grounds of equitable relief, that they endeavored to pursue the very course here suggested. That they attempted to interpose as their defence the same facts stated in the complaint in this action, but the Justice of the Peace " rejected the defence"; and when, after the appeal to the District Court, they made application for leave to file and serve an amended answer, containing these facts, that Court refused the application. We are unable to see how this relieves the case from the operations of the statute. A Justice of the Peace has nothing to do with actions or defences of a purely equitable nature. But if a party is sued before a Justice, and he has a good defence to the action in equity, I see no good reason why he may not appeal to the District Court, and then interpose his equities by way of answer, just as he would have the right to do were the action originally commenced in that Court. Either this right must be recognized, or the Defendant is wholly without a remedy. But it by no means follows, that the refusal of the District Court to permit the Defendant to set up such a defence, confers upon him the right to make his equities the subject of another action ; because, if the Court has erred in this respect, a remedy may still be sought in the action in which the error was committed. See *Fowler et al., vs. Atkinson,* 5 *Minn. R.*, 505.

The judgment of the District Court dismissing the action is affirmed.